# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 7901 | **DATE** | 1/4/2005 |
| **CASE TITLE** | Canadian National Railway vs. GE Capital Rail Services | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order.   GE Railcar is granted leave to file a self-contained Amended Answer in this Court's chambers on or before January 18, 2005. A status hearing is set for February 4, 2005 at 8:45 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | 14 |
| | Notified counsel by telephone. | | JAN 0 6 2005 date docketed | |
| | Docketing to mail notices. | | JXM docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 1/4/2005 date mailed notice | |
| SN | courtroom deputy's initials | 2005 JAN -4 PM 1:00 Date/time received in central Clerk's Office | SN mailing deputy initials | |

MEMORANDUM ORDER

This order is being entered shortly after the filing of the Complaint. Counsel for plaintiff(s) are ordered to cause a copy of this order to be delivered forthwith to each defendant in the same manner that process has been or is being served on such defendant.

There will be a status hearing--a "scheduling conference," as that term is used in attached Fed. R. Civ. P. ("Rule") 16(b) at 8:45 a.m. on February 4, 2005 (the "Status Hearing Date"). Counsel for plaintiff(s) and for each defendant that has been served with process or has appeared at least 28 days before that Status Hearing Date are ordered to meet not later than 14 days before the Status Hearing Date[1] to comply with the provisions of attached Rule 26(f) and this District Court's LR 26.1 (also attached). Counsel for the parties are urged to undertake serious settlement efforts before the scheduled Status Hearing when no major investment in counsel's time (and clients' money) has yet taken place. If such efforts are unsuccessful, counsel should be prepared at the Status Hearing to discuss briefly their proposed discovery plan and other subjects appropriate for inclusion in the scheduling order as referred to in Rule 16(b).

Instead of the scope of mandatory initial disclosure prescribed by Rule 26(a)(1) as amended effective December 1, 2000, each party is ordered to provide to other parties the broader categories of information that were prescribed in Rules 26(a)(1)(A) and (B) before such amendment (see copies attached).

---

[1] If any party is unrepresented by counsel, that party must comply with this order personally.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Canadian National Railway )
Company, Inc., )
 )
        Plaintiff, )
 )
v. ) No. 04 C 7901
 )
GE Capital Rail Services, )
 )
        Defendant. )

DOCKETED
JAN 0 6 2005

MEMORANDUM OPINION AND ORDER

Canadian National Railway Company, Inc. ("Canadian National") originally filed this action in the United States District Court for the District of New Jersey, invoking federal jurisdiction on federal-question grounds. After the parties had filed memoranda responding to District Judge Mary Cooper's order to show cause as to why the action should not be transferred either to Delaware or Illinois, Judge Cooper entered an order transferring the action to this District Court, where it was assigned at random to this Court's calendar.[1]

This memorandum opinion and order is issued sua sponte to direct counsel for defendant General Electric Rail Services Corporation ("GE Railcar," mistakenly designated as "GE Rail

---

[1] For some unexplained reason, the normal sequence of events in which the papers in newly assigned cases are immediately delivered to this Court's chambers by the Clerk's Office did not take place here. Hence this Court first learned of the case on January 3, 2005, when it obtained its regular month-end computer printout of pending cases. It has hastened to generate this opinion -- better late than never.

Services in the Complaint) to return to the drawing board, in part because the Answer that they prepared does not conform to a local rule ("LR") of this District Court[2] and in part because some aspects of the Answer do not comply with fundamental principles of federal pleading.

To begin with the former matter, here is LR 10.1:

> Responsive Pleadings: Responsive pleadings shall be made in numbered paragraphs each corresponding to and stating a concise summary of the paragraphs to which it is directed.

That LR has as its obvious purpose a reader's ability to see just what is and what is not placed in issue by the responding party by looking at a single document, rather than having to go back and forth between a complaint and its answer. For counsel's information, LR 10.1 is most frequently satisfied by a defendant's simply copying paragraphs in the complaint, rather than attempting to paraphrase them to provide the required "concise summary."

To turn to the more substantive problem of the Answer's noncompliance with pleading standards, Answer Count I ¶¶ 2, 3 and 7 fail to follow the plainly-marked roadmap that is prescribed by the second sentence of Fed.R.Civ.P. ("Rule") 8(b) as the condition for a responding party's entitlement to the benefit of

---

[2] Needless to say, counsel are not faulted in that respect. It is rather that GE Railcar's Amended Answer, which is required to be filed in accordance with this opinion in any event, should understandably comply with that LR.

2

a deemed denial of a plaintiff's allegations. In that respect, see App. ¶ 1 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Those paragraphs of the Answer are accordingly stricken, but leave is of course granted to replead them -- albeit with careful attention being paid to the demanding standard set by Rule 8(b)'s second sentence.

Next, Answer Count I ¶ 5 is at odds with the requirement of the first sentence of Rule 8(a) that a response is required to every allegation in a complaint -- see App. ¶ 4 to <u>State Farm</u>. That Answer paragraph is also stricken, again with leave being granted to replead.

Lastly, several of GE Railcar's affirmative defenses ("ADs") are flawed -- in that respect, see App. ¶ 5 to <u>State Farm</u> as well as Rule 8(c) itself. Here are the problems:

1. AD 1, which is essentially the equivalent of a Rule 12(b)(6) motion, is simply wrong. When Canadian National's allegations are taken as gospel (as an AD must do), the Complaint surely states viable claims. AD 1 is stricken, this time without leave to replead.

2. AD 2 is too general to be understood, even under the notice pleading regime that is in effect in the federal courts. If GE Railcar intends to reassert that AD, it must do so in a more particularized manner that will inform both Canadian National and this Court of the

3

predicate for its defense. In that regard, both parties should pay heed to identifying (not necessarily now, but rather down the road when the issue must be addressed) what law -- federal or state, and if the latter which state -- provides the rules of decision (if state law applies, Van Dusen v. Barrack, 376 U.S. 612 (1964) teaches that New Jersey choice of law rules must be looked to for that purpose).

3. AD 3 is also stricken, for it impermissibly controverts the allegations in Complaint Count I ¶¶ 6 and 7. GE Railcar is not prejudiced by this ruling, of course, for its denial of Canadian National's allegations in the Amended Answer will suffice to put those matters at issue.

4. AD 4 is stricken for obvious reasons. If some added AD does become properly assertable at a future date, no reservation of rights is needed, while an inappropriate future attempt to assert an AD is not saved by a current reservation of rights.

As indicated earlier, GE Railcar is granted leave to file a self-contained Amended Answer in this Court's chambers (with a copy being transmitted contemporaneously to Canadian National's counsel) on or before January 18, 2005. This Court is also simultaneously issuing an initial scheduling order, which it

4

should be noted does not require counsel for the parties to file a proposed schedule but which sets an initial status hearing to discuss such matters.

Because both parties have been represented by New Jersey counsel to this point, this Court also calls their attention to two additional LRs that apply in this District Court. Here they are:[3]

1. LR 83.15 requires out-of-state counsel (who may of course be admitted to practice here pro hac vice) to designate local counsel -- not to carry the laboring oar, but rather for notice purposes.

2. That requirement had its origin in what is now LR 5.3(a), which sets a longer time requirement for serving the advance notice of presentment of motions by mail than is applicable to personal service. In that respect, however, LR 5.3(a) has been brought into the current century by now allowing electronic transmittal by consent of the litigants to be equated with personal service.

Finally, this Court will leave it to the litigants to determine whether either or both sides may choose to have the original counsel continue to have primary responsibility for the

---

[3]Because counsel has access to all LRs through the court website, the LRs' provisions will simply be referred to here, rather than being quoted in full.

case. In any event it has set the initial status hearing at 8:45 a.m. to allow the out-of-state counsel to participate telephonically if they so choose -- but if that is done, it will be counsel's responsibility to initiate the call after having apprised the Court's minute clerk to that effect. Any such call is to be made to (312) 435-5766 and is to be placed as a conference call if more than one lawyer is involved.

_____
Milton I. Shadur
Senior United States District Judge

Dated:    January 4, 2005